UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| AARON A. NICKERSON, | : | CASE NO. 1:18-cr-00278 |
| | : | |
| Petitioner, | : | OPINION & ORDER |
| | : | [Resolving Doc. 32] |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Petitioner-Defendant Aaron A. Nickerson pleaded guilty to three counts of armed bank robbery under 18 U.S.C. § 2113 and one count of brandishing a firearm during a crime of violence under 18 U.S.C. § 924(c).

Now, Nickerson moves to vacate his sentence under 28 U.S.C. § 2255.[1] Relying on *United States v. Davis*,[2] Nickerson argues his § 924(c) conviction is unconstitutional. The Government opposes.[3]

For the following reasons, the Court **DENIES** Nickerson's motion to vacate his sentence.

## I. Discussion

A federal prisoner who believes their "sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate . . . the sentence."[4]

---

[1] Doc. 32.
[2] 139 S.Ct. 2319 (2019).
[3] Doc. 35.
[4] 28 U.S.C. § 2255(a).

Case No. 1:18-cr-00278
GWIN, J.

In this case, Nickerson argues his § 924(c) conviction is unconstitutional in light of *Davis*.[5]  Nickerson is mistaken.

Section 924(c) authorizes an increased sentence for a person who uses or carries a firearm "during or in relation to" or who possesses a firearm "in furtherance of" a federal "crime of violence."[6]  The statute defines a crime of violence in two provisions—the residual clause and the elements clause.[7]  In *Davis*, the Supreme Court held that § 924(c)'s residual clause was unconstitutionally vague.[8]  However, § 924(c)'s elements clause remains valid.[9]

As the government correctly points out, Nickerson's § 924(c) conviction falls under the elements clause, not the residual clause.[10]  Resultingly, Nickerson's conviction does not violate the Constitution.

## II.      Conclusion

For the foregoing reasons, the Court **DENIES** Nickerson's motion to vacate his sentence as unconstitutional.


IT IS SO ORDERED.


Dated:  April 5, 2021                          *s/      James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE

---

[5] 139 S.Ct. 2319 (2019).
[6] 18 U.S.C. § 924(c)(1)(A).
[7] 18 U.S.C. § 924(c)(3); *see also Davis,* 139 S.Ct. at 2324.
[8] *Davis,* 139 S.Ct. at 2336.
[9] *See e.g., Knight v. U.S.,* 936 F.3d 495, 498 (6th Cir. 2019).
[10] *See Wingate v. U.S.,* 969 F.3d 251, 263–64 (6th Cir. 2020); *see also U.S. v. McBride,* 826 F.3d 293, 295–96 (6th Cir. 2016).